IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

BRIAH L. BELL                                                                                    PLAINTIFF

VS.                              CASE NO. 1:14CV00013 JTR

CAROLYN W. COLVIN, Acting Commissioner,
Social Security Administration                                                   DEFENDANT

MEMORANDUM ORDER

Plaintiff, Briah L Bell ("Bell"), appeals the final decision of the Commissioner of the Social Security Administration (the "Commissioner"), denying her claim for Supplemental Security Income ("SSI"). Both parties have filed Appeal Briefs (*docs. 11 and 12*), and the issues are now joined and ready for disposition.

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Long v. Chater*, 108, F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. § 405(g). Substantial evidence means less than a preponderance but enough that a reasonable person would find it adequate to support the decision." *See Boettcher v. Astrue*, 652 F.3d 860, 863 (8th Cir. 2011).

Bell argues that the Administrative Law Judge ("ALJ"): (1) erred in failing to find her depression was a "severe" impairment; and (2) improperly relied upon the Medical-Vocational

Guidelines to find she was not disabled.[1]

**Depression:** Bell argues that the ALJ should have found that her alleged depression was a Step 2 "severe" impairment. The Commissioner counters that the alleged error is at most harmless because: (1) the case did not end at Step 2; and (2) substantial evidence supports the ALJ's finding that Bell had the mental RFC for unskilled work.

There are two problems with the ALJ's mental RFC assessment. On July 21, 2011, Plaintiff's counsel arranged for Bell to undergo a consultative neuropsychological examination from Dr. Vann Smith, a neuropsychologist. Based on Dr. Smith's examination and Bell's reported history of closed head injuries, he diagnosed her with "multiple" traumatic brain injuries and a resulting "cognitive disorder." (Tr. 499). Dr. Smith also completed a mental RFC questionnaire in which he indicated that Bell had disabling mental limitations. (Tr. 500-504).

In his decision, the ALJ addressed Dr. Smith's assessment and explained his reasons for discounting it. (Tr. 22). Among other things, the ALJ noted inconsistencies between Dr. Smith's assessment, the longitudinal medical record, and two other consultative psychological examinations. *Id.* However, the ALJ also discounted Dr. Smith's opinion for reasons *outside of the record*: "It is noted for the record that this consultative examiner [Dr. Smith] is frequently used by [claimants'] attorneys and almost always diagnoses the claimants with TBI (traumatic brain injury) and finds a cognitive dysfunction, as he did in this case. The undersigned [ALJ] has seen similar findings on multiple reports by the same consultative examiner." (Tr. 22).

The ALJ should not have discounted Dr. Smith's opinion based on his past reports, involving

---

[1] Bell's second argument is flatly wrong. The ALJ used a vocational expert to support his Step 5 finding and did not rely on the Medical-Vocational Guidelines.

other claimants, that were not part of the record. *See Wentworth v. Barnhart*, 71 Fed. Appx. 727 (9th Cir. 2003) (unpublished) (the ALJ improperly discounted the report of a consultative physician by stating that, "as usual," the physician failed to cite medical studies deemed important by the ALJ, and that "[the consultative physician] in short is, a plaintiff's doctor who reports what he is paid to say, i.e., disability.").

Finally, the Court notes that there is overwhelming evidence that Bell has a very serious problem with drug and alcohol addiction. The ALJ noted Bell's history of abusing alcohol, marijuana, methamphetamine, powder and crack cocaine, and ecstasy. (Tr. 21). At the administrative hearing, Bell testified that it had been a "couple weeks" since she had "used any alcohol or drugs," and was about to enter a nine to twelve month rehabilitation program. (Tr. 53-55). In his decision, the ALJ found that "drug and alcohol addiction in early remission" were among Bell's Step 2 "severe" impairments. (Tr. 13). However, it is unclear to what extent the ALJ included any limiting effects of drug and alcohol abuse in his Step 5 analysis. Suffice it to say, the ALJ's decision failed to comply with the two-step analysis required by the Court in *Brueggemann v. Barnhart*, 346 F.3d 689, 694-95 (8th Cir. 2003).

The ALJ should ensure that he includes any limitations from drug and alcohol abuse in the standard five-step analysis. The "materiality" of drug or alcohol use to a disability claim can only be properly considered *after* an initial determination has been made whether the claimant is disabled, *including* the limiting effects of drug or alcohol use in the standard five-step analysis. *See Brueggemann v. Barnhart*, 346 F.3d 689, 694-95 (8th Cir. 2003).

### III. Conclusion

For the foregoing reasons, the Court concludes that the ALJ's mental RFC assessment is not

supported by substantial evidence. On remand, the ALJ should ensure that he confines his review to the evidence in the record, and that he follows the substance abuse procedure outlined in *Brueggemann v. Barnhart*, 346 F.3d 689, 694-95 (8th Cir. 2003).

IT IS THEREFORE ORDERED THAT the Commissioner's decision is reversed and this matter is remanded to the Commissioner for further proceedings pursuant to "sentence four," within the meaning of 42 U.S.C. § 405(g) and *Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

IT IS SO ORDERED this 31st day of July, 2015.

*[signature: J. Thomas Ray]*
UNITED STATES MAGISTRATE JUDGE